(Decided June 22nd, 1897).

---

WILLIAM L. COCKEY et al vs. CHARLES A. PLEMPEL et al.

*Equity Practice—Amended and Supplemental Bill—Notice to Defendants—Remanding Cause—Rights of Creditors of Decedent Against Assignee of Life Insurance Policy.*

When an amended bill in equity is filed making additional defendants and also introducing new matter, notice to the original defendants is necessary before they can be required to answer the amended bill.

When after an original bill has been answered by a defendant an amendment is made which does not affect his interest or where the only object of the amendment is to make a new party, it is not necessary to require a second answer from such defendant.

The allegations and prayers for relief contained in the original bill in this case being inconsistent with the facts stated in, and the relief sought by, an amended and supplemental bill, and no answer thereto having been required from the original defendants, the cause was remanded to the Court below for further proceedings, under Code, Art. 5, sec. 36.

A., the owner of a policy of life insurance payable to his heirs and assigns, assigned the same to B., to indemnify him from possible loss as surety for the assignor on an appeal bond.   Afterwards A. made an assignment for the benefit of creditors.   Upon his death soon thereafter, the insurance company paid the amount of the policy to B., the assignee, who divided the same with A.'s widow.   Upon a bill by creditors against her and B., *Held*, that the defendants were liable to account for the proceeds of the policy.

Appeal from four orders of the Circuit Court of Baltimore City (WRIGHT, J.), one dismissing both the original and the supplemental bill as to Colgate Cockey, widow, without prejudice to the right of the plaintiffs to file another bill; another order excluding as against the Equitable Life Assurance Society, one of the defendants, the testimony taken in the cause prior to the filing of the supplemental bill by which that defendant was made a party; a third order dismissing the supplemental bill against that defendant; and a fourth order refusing to the plaintiffs a decree against C. A. Plempel and M. W. Offut " because they are not properly before the Court, not having been summoned after the filing of the supplemental and amended bill of complaint, and no copy of said bill having been served upon them and because this bill as to them is liable to be dismissed on motion, for the same grounds upon which it has already been dismissed as to the defendant, Colgate Cockey."

The cause was argued before MCSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*Hyland P. Stewart*, for the appellants.

*William S. Bryan, Jr.* (with whom was *Edward N. Rich* on the brief), for Thomas W. Offutt, administrator of Colgate A. Offutt, formerly Colgate A. Cockey.

Briefs were filed by *Milton W. Offutt*, trustee, *pro se.*, and by *Cowen, Cross & Bond* and *John Phelps*, for the Equitable Life Assurance Society.

ROBERTS, J., delivered the opinion of the Court.

This is a creditors' bill filed by the appellants against the appellees to recover the proceeds of a policy of insurance on the life of Colgate O. Cockey, for the sum of five thousand dollars, in the Equitable Life Assurance Society of the United States. The bill charges that said Cockey was in his lifetime indebted to the appellants in various sums of money, and being so indebted, on the 27th of June, 1889, made a deed of assignment for the benefit of his creditors to Milton W. Offutt. On the 31st of May, 1889, said Cockey was the owner of said policy in said society, payable at his death " to his heirs and assigns," and on that day he assigned said policy to the appellee, Plempel, to secure him as alleged from any loss or damage he might incur in becoming surety in an injunction bond filed in a suit instituted in the Circuit Court of Baltimore City by said Cockey against Howard B. Shipley. It is alleged that there was a written agreement in duplicate entered into between said Cockey and said Plempel about the time of the assignment of said policy, in the nature of a defeasance of the same, to take effect when Plempel should be protected from loss or damage as surety in said bond, which defeasance however was not secured. On the 8th of October, 1890, Cockey died, and the proceeds of said policy, amounting to $5,000, were paid by said company to said Plempel as assignee, which it is charged he divided equally between Mrs. Colgate Cockey, the widow of said Colgate O. Cockey, deceased, and himself. The bill also charges that it was the duty of said Plempel, after reimbursing himself the loss which he had sustained, as surety on said injunction bond, to pay the balance to Mr. Offutt, trustee, for the benefit of the creditors of said Cockey, and that said trustee stood by and " allowed the same to be paid over by said company," without effort on his part to secure said balance for the benefit of the trust which it was his duty to protect; that Mrs. Cockey was entitled to no part of said money as against the creditors of her said husband, whose claims

had all accrued prior to the assignment of said policy to Plempel.

The aforegoing statement of facts presents the appellant's case as made by their original bill, and sufficiently indicates the nature of the relief sought. The bill was answered by Offutt, trustee, and separate pleas to said bill were filed by Plempel and Mrs. Cockey. After filing exceptions to said pleas, which were subsequently withdrawn, replication was filed and an order of Court to take testimony obtained. On the 9th of November, 1894, the appellants, with leave of the Court, filed " an amended and supplemental bill " against the Equitable Life Assurance Society, in which all the defendants named in the original bill are omitted, and charging that since the filing of the original bill they have ascertained that the assignment of said policy to Plempel by Cockey, was, on its face, a conditional assignment, and that said society paid said policy in violation of said condition ; and further, that even though said assignment was absolute on its face, said Society had information before it paid over the money to Plempel that the same was not in fact absolute, and having thus paid said money without warrant or authority, it should be required in justice and equity to pay the same to the persons legally entitled to receive it. The amended and supplemental bill, together with the interrogatories filed with the same, were on the 19th of December, 1894, answered by said Society, and on the same day replication to the answers to the original and to the amended and supplemental bill was filed. In pursuance of an order of Court passed on the 10th of July, 1894, as stated by the examiner before whom the testimony contained in the record was taken, it appears that certain testimony was taken at various times, between the day last named and the 30th of September, 1895, the time when the testimony was closed. Nearly all of the testimony was taken prior to the filing of the " amended and supplemental bill," and to the filing of the answer thereto. This statement presents substantially the facts which go to make up the contention of the appel-

lants and exhibits with sufficient particularity the state of
the pleadings which we are called upon to consider.   There
is nothing in this case to justify the utter confusion which
pervades this record, but it is now too late to remedy its
present plight.   We have here an original bill, and in the
same case "an amended and supplemental bill," with new
allegations materially different from the averments contained
in the original bill.   In the first bill we have three defend-
ants, who have been served with notice and have either an-
swered the bill or filed pleas thereto.   The amended and
supplemental bill filed prays for service of the writ of sub-
poena against the new defendant only, the Assurance So-
ciety, but entirely ignores the defendant named in the original
bill, and fails to call for service of process or publication
against them or any of them.   From the character of the
amendment made by the amended bill, it is very clear that
the original defendants were necessary parties to such bill,
but they could not from the very nature of the amendment
be required to answer or plead to the same, until they had
been notified of the amended bill by service of process or
publication.   Equity rule 30 (Code, Art. 16, sec. 150), pro-
vides that " Where amendment is made and new facts are
introduced, and the case is thus varied in any material respect,
the defendant shall be at liberty to answer anew, or to plead or
demur to the bill as amended, within such time as the Court
or Judge thereof may prescribe, *after notice* of the amend-
ment made ; and notice may in all cases be given by service
of a copy of the bill as amended upon the defendant, or upon
his solicitor, if there be one ; or it may be by subpoena."
*McKim* v. *Odom*, 3 Bland, 430 ; *Neale* v. *Hagthorp*, Ibid,
570.   In the last case, the Chancellor very properly says :
" Where the defendant has answered, and the plaintiff then
amends the bill, *introducing new matter*, he is entitled to
answer such new matter ; because, an amended bill is part
of the original bill, and the defendant's answer thereto is
part of his original answer ; and consequently, the defend-

ant is as much bound to answer the amended bill as to answer each portion of the original bill itself."

Whether the bill in its form be an amended or a supplemental bill, if it introduces new matter and is thus materially varied, it must be answered. MR. LUBE in his *Equity Pleadings*, 137–138, after discussing the nature and effect of supplemental bills, says : " In general, the supplemental bill must pray that *all* the defendants must appear and answer to the charges it contains." To the same effect are *Story Eq. Pl.* sec. 343 ; *Mitf. Eq. Plg. by Jeremy*, 76. This view appears to be in accordance with the settled practice in this State, subject however to the exceptions hereinafter noted. *Alexander's Ch. Pr.* 271. The provisions of the Act of 1892, ch. 654, afford no relief to the appellant's case and are in no sense applicable to the questions raised by this appeal. It is unquestionably true that when a defendant in an original bill has filed his answer to said bill and an amendment is made which in no respect affects the interest of such defendant, or when the only object sought to be gained is the making of a new party, no just cause can be assigned requiring the defendant to file a new or second answer. *Fitzhugh* v. *McPherson*, 9 G. & J. 70 ; *Calwell* v. *Boyer*, 8 G. & J. 149. It is however contended on the part of the appellants that the " amended and supplemental bill " does not " introduce new facts," and does not " vary in any material respect " the case made by the original bill, and it is therefore argued that the bill does not require notice to be given of the amendment. In this we cannot concur. To maintain this view may impose hardship upon the appellants in this case, but it is no part of our duty to provide special rules for particular cases. Those who seek the benefit and protection of the law must accept it through its recognized channels, according to its settled rules. The state of case which we have been considering leads irresistibly to the conclusion that the allegations and prayers for relief contained in the original bill are wholly inconsistent with the facts stated in and the relief sought by the amended and supple-

mental bill.   Under the original bill a decree is prayed for against Plempel and Mrs. Cockey on the ground that Plempel got the proceeds of the insurance policy from said Society, and divided the same with Mrs. Cockey, who it is claimed was entitled to no part thereof.   In the amended and supplemental bill the converse of this proposition is to be found in this, that it is alleged that said Society has never paid said money to any one authorized to receive it, but that it should be required to pay it to some such person.   We think this position untenable because of the inconsistent character of the averments contained in the two bills.   MR. BIGELOW in his work on *Estoppel*, 562, says, " A party cannot either in the course of litigation or in dealings *in pais* occupy inconsistent positions ; and where one has an election between several inconsistent courses of action he will be confined to that which he first adopts," and again on p. 601, " If parties in Court were permitted to assume inconsistent positions in the trial of their causes, the usefulness of Courts of Justice would in most cases be paralyzed; the coercive process of the law, available only between those who consented to its exercise, could be set at naught by all. But the rights of all men honest and dishonest are in the keeping of the Courts, and consistency of proceeding is therefore required of all those who come or are brought before them."   The appellees other than the Assurance Society, claim that they were never properly before the Court on the amended and supplemental bill, but they were unquestionably fully before it on the original bill.

After a careful examination of the pleadings and the testimony contained in the record we think the Court below were clearly right in holding that the amended and supplemental bill against the Assurance Society should be dismissed, but we think the appellants are entitled to relief as to the appellees, Plempel and Mrs. Cockey ; but we have failed to discover in the pleadings, or in the proof offered, anything to justify a decree inculpating Offutt, trustee.   A different state of case is presented when we come

to consider the relations of Plempel and Mrs. Cockey to the transactions, which the original bill outlines and the testimony establishes. We entertain no doubt as to the liability of these appellees. Plempel's conduct throughout this proceeding has been such as to cast grave doubt upon his sincerity and good faith. He has failed and refused to treat his connection with the assignment of said policy and its proceeds, with fairness and frankness, but has sought to cloud and mystify all his transactions pertaining to the same. Since the filing of the record of this appeal in this Court, the appellants have moved to amend the proceeding by striking out the Assurance Society as a defendant, and appellee. This motion is made in pursuance of Art. 5, sec. 36 of the Code and provides the only method in which this case can be disposed of upon its merits. If the amended and supplemental bill be dismissed, the case can be heard upon the original bill, but in the present state of the pleadings it will be impossible to make any satisfactory disposition of the case. Such a course will disembarrass the proceedings and remove many of the obstacles, which have seemed to clog the further progress of the case. Mrs. Cockey's part was played by others and she is entirely free of any charge of moral wrong doing, but she is yet legally responsible to make return of such part of the proceeds of said policy as came to her hands. There is nothing in the case which directly or indirectly suggests a right in her to receive or apply to her own use any part of said policy as against the rights of her husband's creditors.

In conclusion, we are of the opinion that the orders appealed from should neither be affirmed nor reversed, but the cause should be remanded for further proceedings under Art. 5, sec. 36 of the Code, as relief may be given and decree passed accordingly.

*Cause remanded for further proceedings, under Article 5, section 36 of Code.*

(Decided June 23rd, 1897.)